•Harris, J.,
delivered the opinion of the Court.
This is an action on the case brought by the plaintiff in the Circuit Court of Giles county, to recover the value of a slave.
There are two counts in the declaration. The first is a common count in trover — and the second a special count in case, averring that the plaintiff had hired the slave, Martin, to the defendant for the year 1853, and that he was safely and securely to keep said slave and not remove him from the County, of Giles, or the State of Tennessee, and to re-deliver him to the plaintiff on the 25th December, 1853, but, in violation of his said undertaking, he had removed said slave to the State of Alabama, where he was wholly *324 lost to the plaintiff. The defendant plead the general issue. There was a verdict for the defendant, a motion for a new trial made and discharged, and an appeal in the nature of a writ of error, to this Court.
It appeared upon the trial, that about the beginning of the year 1853, plaintiff and defendant were residing in Giles county, Tennessee: that plaintiff hired the slave in controversy to the defendant for that year, that the slave, Martin, worked at the blacksmith’s business, that about the time of the hiring, defendant Was proposing to rent a blacksmith’s shop, in the town of Pulaski, and county of Giles, and was also speaking of establishing a family grocery in said town. That afterwards the defendant removed from the county of Giles, in the State of Tennessee, to the county of Limestone and State of Alabama, and without the consent of the plaintiff, carried the slave with him, where during the year he sickened and died.
And the question is now presented, whether under this state of facts, he is liable to the plaintiff for the value of said slave?
For the defendant it is insisted in the argument, that where there is a general hiring, and no express stipulations restricting the hirer from removing the slave beyond the limits of the State or county, that as ■a general bailee, he has the right to do so, without incurring liability. To the correctness of this proposition, we cannot assent. We think that where the owner and the hirer both reside in the same county, and there was nothing said as to where the slave was to be kept, the reasonable and legal presumption *325 would be, that he was to be kept in that county. Or, if the owner and hirer resided in different counties, and there was no express stipulations as to where the slave was to be kept, then the presumption would be that he should be kept where the hirer resided, unless there were circumstances that clearly indicated, that both parties understood and assented, that he might be kept elsewhere. Therefore, we hold that where there is a general hiring, nothing being said as to where the slave is to be employed, if the hirer remove him without the consent of the owner from the county, where the hirer resides, to another State, for the purpose of employing the slave at service there, he does so at his peril, and if any injury results, he is accountable for it to the owner.
There are many considerations which will occur to every reflecting mind, why this should be so in relation to this species of property, without our elaborating the subject.
His Honor, the Circuit judge having ruled differently in his instructions to the jury, the judgment of the Circuit Court will be reversed, and the cause remanded for a new trial, where the jury will be instructed according to the principles above laid down.